UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PAYROLL RESOURCE GROUP, <br><br>  Plaintiff, <br><br> v. <br><br> HEALTHEQUITY, INC., <br><br> Defendant. | Case No. 23-cv-02794-TSH <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: Dkt. No. 24 |

## I.   INTRODUCTION

Pending before the Court is Plaintiff The Payroll Resource Group's motion to amend pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 24. Defendant HealthEquity, Inc. filed an Opposition (ECF No. 26) and Plaintiff filed a Reply (ECF No. 27). The Court held a hearing on June 13, 2024, and now issues this order. For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.   BACKGROUND

In April 2002, Plaintiff The Payroll Resource Group entered into a written agreement ("Agreement") with MHM Business Services ("MHM") for a license to use the WinFlex 125 payroll software ("Software"). Compl. ¶ 5, ECF No. 1-2; Proposed First Amended Complaint ("Proposed FAC") ¶ 5, ECF No. 24-1. Under the terms of the Agreement, Plaintiff paid a one-time set-up fee, and subsequently paid monthly fees "for licensing privileges and technical support." ECF No. 1-2 at 11 (Agreement). MHM was acquired by WageWorks in or around 2007; MHM and/or WageWorks provided services under the terms of the Agreement until 2019.

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 8.

1    Compl. ¶ 6; Proposed FAC ¶ 6.  On or about September 2019, MHM and/or WageWorks assigned

2    the Agreement to Defendant HealthEquity, Inc.  Compl. ¶ 6; Proposed FAC ¶ 6.  In June 2020,

3    HealthEquity wrote to Plaintiff, informing Plaintiff that it would no longer support the software.

4    Compl. ¶ 10; Proposed FAC ¶ 10.  Plaintiff inquired whether HealthEquity would allow Plaintiff

5    to continue to access the Software without any updates or support or provide the Software to

6    Plaintiff so it could run on Plaintiff's systems.  Proposed FAC ¶ 10.  HealthEquity refused.  *Id.*

7    Plaintiff then asked HealthEquity whether it would consider selling the Software to Plaintiff.  *Id.*

8    HealthEquity later wrote to Plaintiff that it "[would] not pursue the sale of the WinFlexOne

9    platform.  Thus, as of March 2022, the platform will be sunset."  *Id.* ¶ 11.  Plaintiff alleges that

10   Defendant stopped providing both access to and support for the Software on August 21, 2022.  *Id.*

11   ¶ 15.

12         On May 2, 2023, Plaintiff filed this action in California Superior Court, alleging breach of

13   contract under Missouri law and violation of California's Unfair Competition Law ("UCL"),

14   Section 17200.  *See* Compl.  Defendant removed to federal court based on diversity.  ECF No. 1.

15         In January 2024, Defendant moved for judgment on the pleadings as to Plaintiff's breach

16   of contract claim, its unfair competition claim, and certain remedies in Plaintiff's Prayer for

17   Relief.  ECF No. 18.  On April 23, 2024, this Court granted Defendant's Motion for Judgment on

18   the Pleadings as to Plaintiff's breach of contract claim and its UCL claim.  ECF No. 23.  The

19   Court granted Plaintiff leave to amend its UCL claim and denied leave to amend the breach of

20   contract claim.  *Id.* at 8, 12.

21         On May 6, 2024, Plaintiff filed this Motion for Leave to file a First Amended Complaint

22   ("FAC") against HealthEquity.  Motion, ECF No. 24.  In its proposed FAC, Plaintiff again alleges

23   breach of written contract and violation of the UCL, Section 17200.  Proposed FAC at 1.

### III.   LEGAL STANDARD

25   Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its original pleading

26   once as a matter of course within 21 days of serving it, or within 21 days after a responsive

27   pleading or motion to dismiss is filed.  "In all other cases, a party may amend its pleading only

28   with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The

1    Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of
2    the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and
3    (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat.*
4    *Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*,
5    575 U.S. 373 (2015).  The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v.*
6    *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted).
7    Generally, a court should determine whether to grant leave indulging "all inferences in favor of
8    granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  "Courts
9    may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or
10   dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments
11   previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'"
12   *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting
13   *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Plaintiff's Motion is Not Procedurally Improper

16   Defendant argues that Plaintiff's Motion is an improper motion for reconsideration that
17   violates Local Rule 7-9(a) and fails the standards of Local Rule 7-9(b), which together govern
18   motions for reconsideration of interlocutory orders.  Opp'n at 5; *see* Civil L.R. 7-9.  The Court
19   finds Plaintiff's Motion is not a motion for reconsideration, and that Local Rule 7-9 is thus
20   inapplicable.

21   In Plaintiff's original complaint, Plaintiff alleged that HealthEquity breached the
22   Agreement by ceasing to provide support for the Software.  Compl. ¶ 11.  Plaintiff's original
23   breach of contract claim was predicated on the notion that the Agreement required HealthEquity to
24   maintain and update the Software in perpetuity.  *Id.* ¶¶ 10, 11, 13 17.  In the Court's Order
25   Granting Defendant's Motion for Judgment on the Pleadings, the Court held that the Agreement
26   did not require HealthEquity to provide Plaintiff support services in perpetuity and that Defendant
27   provided adequate notice that it would stop providing support services to Plaintiff.  Order Granting
28   Mot. for Judgment on the Pleadings at 7–8, ECF No. 23.  The Court found that Plaintiff's breach

3

1   of contract claim was foreclosed by Missouri law and dismissed the breach of contract claim
2   without leave to amend. *Id.* at 8.
3         Defendant characterizes Plaintiff's motion as a procedurally improper motion for
4   reconsideration rather than simply a motion for leave to amend under Rule 15(a). Opp'n at 5–6.
5   But Plaintiff does not ask the Court to reconsider any of the findings or legal conclusions drawn in
6   its prior Order. Rather, Plaintiff's proposed FAC offers a new factual predicate for Plaintiff's
7   breach of contract claim – that Defendant refused to provide Plaintiff *any* access to the Software,
8   including in an unsupported state. *See* Proposed FAC ¶¶ 10, 12, 14, 15. The proposed FAC
9   includes factual allegations that were not previously before the Court, and which Plaintiff need not
10  have included in its original complaint, as they were not critical to the breach of contract theory
11  Plaintiff had advanced in its original complaint. *See, e.g.*, Proposed FAC ¶¶ 10, 14.
12        Defendant contends Plaintiff's Motion is improper because Plaintiff "has already alleged
13  and argued . . . that the Software License Agreement also imposed a perpetual obligation to
14  provide the WinFlex125 Software *by virtue of the Agreement's "license to use"* the Software."
15  Opp'n at 5–6. However, although Plaintiff previously alleged that HealthEquity "breached the
16  Contract by . . . failing to provide use of the Software, the services, and the updates required
17  under the contract terms[,]" (Compl. ¶ 17), Plaintiff did not allege that Defendant ever stopped
18  providing the Software in its entirety. Rather, Plaintiff alleged that "Defendant's refusal to
19  maintain and update" the Software effectively deprived Plaintiff of use of the Software, and it was
20  this theory that the Court's prior Order rejected. *Id.* ¶ 11; Order Granting Mot. for Judgment on
21  the Pleadings at 3, 8.
22        Accordingly, the Court finds Plaintiff's Motion does not ask the Court to reconsider its
23  prior order, and is thus not an improper motion for reconsideration.
24  **B.     Federal Rule of Civil Procedure 15(a)(1)**
25      **1.     Bad Faith**
26        The Court finds the proposed amendment is not sought in bad faith. Defendant contends
27  Plaintiff acted in bad faith, but this contention is based entirely on Defendant's futility arguments.
28  *See* Opp'n at 10 ("Plaintiff's proposed amendments will not save its claims, and the Motion

4

1   advances frivolous arguments, for the reasons advanced *supra*."). *See Synchronoss Techs., Inc. v.*
2   *Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 95927, at *2 (N.D. Cal. Jan. 3, 2019)
3   ("Synchronoss's bad-faith contention is entirely derivative of its futility claims.  Because the Court
4   finds that amendment would not be futile . . . it therefore rejects Synchronoss's claim that
5   Dropbox proposes the amendment in bad faith.").  As discussed in further detail below, the Court
6   finds amendment would not be futile.  Accordingly, the Court rejects Defendant's argument that
7   Plaintiff brought the Motion in bad faith.

### 2. Undue Delay

The Court finds the proposed amendment is not sought with a dilatory motive.  "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").  Plaintiff filed the Motion on May 6, 2024, within the Court's deadline to seek leave to amended pleadings and less than two weeks after this Court issued its order granting Judgment on the Pleadings. *See* ECF No. 23.  Defendant does not argue that Plaintiff unduly delayed in bringing the Motion.  Accordingly, the Court finds no undue delay in bringing this Motion.

### 3. Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).  However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).  "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to

amend the complaint." *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

Defendant does not argue it will suffer any prejudice if Plaintiff's Motion is granted. *See generally* Opp'n. However, the Court notes that fact discovery in this case closed on June 3, 2024. *See* ECF No. 16. Plaintiff's Proposed FAC alleges a new factual basis for Plaintiff's breach of contract claim, namely that Defendant refused to provide Plaintiff access to the Software, including in an unsupported state. *See* FAC ¶¶ 10, 14. Plaintiff's Proposed FAC and attached declaration reference phone calls, written communications, and requests for access to unsupported software that were not addressed in Plaintiff's earlier pleadings. FAC ¶¶ 10–13; Decl. of Grant Morris ¶¶ 4–8, ECF No. 24-3. Defendant further disputes whether Plaintiff's allegations all concern the same software. *See* Opp'n at 8; Reply at 8–9; FAC ¶¶ 5, 10, 11. These factual disputes would likely necessitate further discovery.

Plaintiff has averred that it would stipulate to a revised case management order to extend the discovery deadlines. Mot. at 8; Notice of Mot. at 2, ECF No. 24. The Court finds reopening discovery will sufficiently address the prejudice to Defendant caused by Plaintiff's filing of an amended complaint at this juncture. Accordingly, the Court finds the prejudice to Defendant is not substantial and does not weigh against granting Plaintiff leave to amend.

**4.     Futility of Amendment**

The Court finds amendment is not futile. "'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Thus, "'denial [of a motion for leave to amend] on this ground,'" i.e., futility, "'is rare and courts generally defer consideration of challenges to the merits of a

6

1    proposed amended pleading until after leave to amend is granted and the amended pleading is

2    filed.'" *dpiX LLC v. Yieldboost Tech, Inc.*, 2015 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015)

3    (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)).

4          First, Defendant argues Plaintiff fails to state a claim because the "perpetual license to use"
5    the Software laid out in the Agreement merely constituted a waiver of HealthEquity's right to sue
6    Plaintiff for using the Software and did not actually require HealthEquity to *provide* the Software.
7    Opp'n at 7–8. The Court finds this argument goes to the merits of Plaintiff's proposed amended
8    pleading and should be considered after the amended Complaint is filed. Defendant further argues
9    Plaintiff is unable to allege any harm from its new breach of contract claim because Plaintiff
10   previously alleged that HealthEquity's refusal to update the Software rendered it unusable. Opp'n
11   at 8. Thus, Defendant contends, HealthEquity's alleged refusal to provide the Software in an
12   unsupported state could not have caused Plaintiff any harm. *Id.* Defendant does not identify the
13   allegations of Plaintiff's original complaint that it contends foreclose Plaintiff from making a
14   cognizable breach of contract claim. Meanwhile, Plaintiff alleges in its proposed FAC that the
15   unsupported software would allow Plaintiff to maintain searchable access to client data and could
16   still have been utilized without updates "with simple work arounds implemented by PRG[.]" FAC
17   ¶ 13. The Court thus finds the facts alleged in Plaintiff's original complaint do not foreclose its
18   proposed amended breach of contract claim.

19         Finally, Defendant argues Plaintiff's UCL claim should be denied as futile because it is
20   materially the same as the claim this Court previously dismissed. Opp'n at 8–9. The Court
21   previously granted Plaintiff leave to amend its UCL claim, and Plaintiff's Motion does not
22   concern that claim. Order Granting Mot. for Judgment on the Pleadings at 8, 12; *see* Mot. at 3 n.1.
23   The Court thus declines to evaluate the legal sufficiency of Plaintiff's UCL claim in considering
24   Plaintiff's motion for leave to amend its breach of contract claim. Defendant may bring any
25   challenges to the legal sufficiency of Plaintiff's UCL claim after an amended pleading has been
26   filed.

27         Accordingly, the Court finds amendment is not futile.

28

7

**5.     Previous Amendments**

Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted.  *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).  Here, there have been no previous amended pleadings that would weigh against granting Plaintiff leave to amend.

## V.     CONCLUSION

Based on the analysis above, the Court **GRANTS** the motion to amend.  Plaintiff shall file the amended complaint as a separate docket entry by June 20, 2024.  The Court **ORDERS** the parties to meet and confer to determine whether they can stipulate to a mutually agreeable extension of fact discovery and other case deadlines.  No later than July 8, 2024, the parties shall file a stipulation and proposed order to modify the case schedule, or competing proposed orders and a joint letter brief (not to exceed five pages) arguing their respective positions.

**IT IS SO ORDERED.**

Dated: June 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge

8